# EXHIBIT A

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I. CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Christina Nicholas
Plaintiff

Case # ________________
Judge ________________

vs.
Prince Group Holdings
Defendant

---

**II. AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III. TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐ Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☒ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☒ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

6

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Fabian A. Ruiz
Attorney or party

Fla. Bar # 117928
(Bar # if attorney)

Fabian A. Ruiz
(type or print name)

02/20/2026
Date

Filing # 242249927 E-Filed 02/20/2026 05:25:37 PM
NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CHRISTINA NICHOLAS,
an individual

Plaintiff,

vs.

PRINCE GROUP HOLDINGS,
a Foreign Corporation,

Defendant.
________________________________/

CASE NO.:

**COMPLAINT AND JURY DEMAND**

Plaintiff, CHRISTINA NICHOLAS (hereinafter "Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against Defendant, PRINCE GROUP HOLDINGS ("Defendant"), and states:

**PARTIES**

1. Plaintiff is, and at all material times has been, an adult resident of Miami-Dade County, Florida.

2. Defendant is, and at all material times has been, an Australian for profit corporation engaged in business in the State of Florida.

3. Defendant is an "employer" within the meaning of Title VII and the FCRA because it employed at least fifteen employees within the relevant time period.

4. Defendant is an "employer" within the meaning of Chapter 11A of the Code of Miami-Dade County because it employed at least five employees within the relevant time period.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this matter because Plaintiff seeks damages in excess of $50,000.00, exclusive of attorneys' fees and costs.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

6. Personal jurisdiction over Defendant is proper because Defendant engaged in the wrongful acts described herein in Miami-Dade County, Florida.

7. Venue is proper in this Court because the events or omissions giving rise to the claims occurred in Miami-Dade County, Florida.

8. Plaintiff has complied with all conditions precedent to the filing of this action, including the timely dual filing of a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), and filing her suit within 90 days from the date on which she received her Notice of Right to Sue.

## FACTUAL ALLEGATIONS

### Plaintiff's Employment and Pregnancy Announcement

9. On or about November 28, 2022, Plaintiff began her employment with Defendant in the role of Personal Assistant to Dr. Sam Prince ("Dr. Prince"), the owner of Prince Group Holdings.

10. Plaintiff excelled in her role and was subsequently promoted to Junior Asset Manager, although she continued to perform the duties of Personal Assistant to Dr. Prince.

11. Prior to announcing her pregnancy, Plaintiff was never written up, never disciplined, and consistently received positive feedback and reviews from Dr. Prince.

12. In or about August 2024, Plaintiff informed her employer that she was pregnant and would require time off for the birth of her child.

### Defendant Discriminated Against Plaintiff

13. Following this announcement, Plaintiff experienced increasingly hostile treatment and discriminatory conduct because of her pregnancy.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

14. Plaintiff was subjected to inappropriate and derogatory comments regarding her pregnancy, including statements from Dr. Prince such as, "this whole maternity leave thing isn't working out."

15. As Plaintiff's pregnancy progressed and became visible, Dr. Prince demonstrated increasing impatience and frustration toward Plaintiff, despite no change in her performance.

16. Dr. Prince began making thinly veiled termination threats in a passive-aggressive tone, including statements such as, "I will not base my actions on what my support from you looks like," "you are not going to determine what my schedule looks like," and "I don't want my list of priorities to change because of your leave."

17. In response to Dr. Prince's evident frustration, Plaintiff offered to reduce her leave time or work a hybrid schedule so that her pregnancy and childbirth-related leave would not inconvenience him.

18. Thereafter, Plaintiff was reassigned to report to a manager located in Australia, Bianca Azzopardi ("Ms. Azzopardi"), which significantly disrupted Plaintiff's ability to perform her job and reduced her access to workplace support and communication.

19. There was no legitimate business justification for requiring Plaintiff to report to a supervisor located in Australia.

20. In early February 2025, Ms. Azzopardi contacted Plaintiff regarding Dr. Prince's request to "restructure" the business.

21. Upon information and belief, there was no actual restructuring apart from Plaintiff's eventual termination.

22. Following these discussions, Dr. Prince began isolating Plaintiff from other employees, ignoring her, and excluding her from meetings.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

23. The hostile treatment culminated in Plaintiff suffering an emotional breakdown at work, which was witnessed by other employees.

24. Other employees expressed concern to Plaintiff about the way she was being treated but demonstrated an unwillingness to assist her for fear of also being retaliated against.

25. Employees further commented to Plaintiff that Dr. Prince's attitude would visibly change when she arrived at work and that his disdain toward her during her pregnancy was unmistakable.

**Plaintiff Complained About Being Discriminated Against**

26. Later in February 2025, as the work environment became increasingly hostile, Plaintiff complained to Ms. Azzopardi that she believed she was being discriminated against because of her pregnancy.

27. Almost immediately after Plaintiff's complaint, Ms. Azzopardi informed Dr. Prince of the complaint.

**Defendant Retaliated Against Plaintiff**

28. From that point forward, Plaintiff was instructed to work from home and was not permitted to return to the office.

29. Plaintiff's access and responsibilities were gradually reduced, and she was increasingly isolated from other employees.

30. These actions occurred on or about February 27, 2025, well before the date Plaintiff was scheduled to begin pregnancy-related leave.

31. The only time Plaintiff was called into the office after her complaint was on or about March 3, 2025, for a one-hour meeting to review project samples.

32. After that meeting, Dr. Prince ceased speaking to Plaintiff and stopped responding to her emails.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

33. Other employees also stopped responding to Plaintiff's communications, and all further communication was required to be routed through Ms. Azzopardi.

**Defendant Investigated Plaintiff, Instead of Her Complaint**

34. Despite Plaintiff's complaints, Defendant did not conduct any investigation into Plaintiff's complaints of pregnancy discrimination.

35. Defendant does not maintain an employee handbook, workplace discrimination or retaliation policies, or any established procedures for investigating discrimination complaints.

36. After being excluded from the workplace, Plaintiff complained to Deel US LLC, which served as Defendant's Employer of Record, that she was experiencing pregnancy discrimination.

37. Deel US LLC consulted with its legal team, which then contacted Defendant regarding Plaintiff's complaint.

38. Rather than investigating Plaintiff's discrimination complaint, Defendant initiated a false and retaliatory investigation against Plaintiff herself, which was designed to create the appearance of a legitimate basis for termination.

39. The purported investigation concerned an allegation that Plaintiff had falsified a reference letter from a former employer prior to being hired in 2022, which allegation is baseless and demonstrably false.

40. Throughout this period, Plaintiff was subjected to increased scrutiny and harassing behavior, including while she was on approved leave following childbirth.

41. Plaintiff's communications were ignored, including inquiries regarding her pay during approved leave.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**Defendant Unlawfully Terminated Plaintiff**

42. On or about May 28, 2025, while Plaintiff was a few weeks into her maternity leave, she was terminated.

43. Plaintiff was informed that she was terminated because she allegedly failed to follow up with leadership after her promotion to Junior Asset Manager.

44. This clearly pretextual manufactured reason was completely inconsistent with the fact that Plaintiff was promoted to the Junior Asset Manager position because of her strong performance and, despite being promoted, she continued to perform full executive assistant duties for over a year following without ever having been warned or disciplined.

45. Plaintiff was also informed that Defendant had conducted an internal investigation into an alleged false reference she provided prior to her employment, which Defendant claimed was fraudulent. However, when Plaintiff offered to provide clear documentation confirming its legitimacy, she was told that the termination decision was final and non-negotiable.

46. The allegation regarding the reference is demonstrably false and constitutes a fabricated pretext for discrimination and retaliation.

47. Plaintiff was further informed that her termination was based, in part, on a confidential conversation she had with a co-worker, Kirby Clark ("Ms. Clark"), in which Plaintiff expressed concern that Defendant was attempting to find a way to terminate her because of her pregnancy. During that conversation, Plaintiff asked Ms. Clark whether she would be willing to serve as a reference if Plaintiff were terminated.

48. This conversation was neither inappropriate nor performance-related. Yet, Defendant relied on this conversation as justification for initiating the investigation into Plaintiff's prior references, a rationale that is illogical and further evidences pretext.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

49. Despite Plaintiff's complaints of pregnancy discrimination, Defendant never conducted a good-faith investigation into her claims. Instead, Defendant focused its investigatory efforts on a sham investigation concerning a legitimate reference Plaintiff had provided years earlier.

50. Plaintiff's termination was directly related to her pregnancy, her request for and use of legally protected pregnancy-related leave, and her complaints of pregnancy discrimination.

51. Defendant subjected Plaintiff to less favorable terms and conditions of employment because of her pregnancy and retaliated against her for engaging in protected activity.

52. As a result of the Defendant's discriminatory and retaliatory conduct, the Plaintiff has suffered lost wages, past and future, loss of other economic benefits of employment, past and future, and has suffered embarrassment, humiliation, and emotional distress. The losses are permanent or continuing and the Plaintiff will suffer the losses in the future.

53. Plaintiff has retained the undersigned attorneys to represent her in this action and is obligated to pay them a reasonable fee for their services.

**COUNT I**
**TITLE VII - SEX DISCRIMINATION**

54. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 53 as though fully set forth herein.

55. Title VII prohibits an employer from discriminating against an employee because of a protected category, including an employee's sex (which includes pregnancy).

56. Defendant discriminated against Plaintiff because of her sex, including by harassing and taking tangible employment actions against her because of her pregnancy.

57. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer economic and non-economic damages.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

58. Defendant's conduct was willful and intentional, and done with malice and reckless disregard for Plaintiff's rights under Title VII.

59. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and award the following relief: (a) Back pay, including lost wages and benefits; (b) Reinstatement or, alternatively, front pay in lieu of reinstatement; (c) Compensatory damages for emotional distress, pain and suffering; (d) Pre- and post-judgment interest; (e) punitive damages; (f) Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k); and (g) Such other and further relief as this Court deems just and proper.

**COUNT II**
**FLORIDA CIVIL RIGHTS ACT - SEX DISCRIMINATION**

60. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 53 as though fully set forth herein.

61. The FCRA prohibits an employer from discriminating against an employee because of a protected category, including an employee's sex (which includes pregnancy).

62. Defendant discriminated against Plaintiff because of her sex, including by harassing and taking tangible employment actions against her because of her pregnancy.

63. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer economic and non-economic damages.

64. Defendant's conduct was willful and intentional, and done with malice and reckless disregard for Plaintiff's rights under the FCRA.

65. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and award the following relief: (a) Back pay, including lost wages and benefits; (b) Reinstatement or, alternatively, front pay in lieu of reinstatement; (c) Compensatory damages for emotional distress, pain and suffering; (d) Pre- and post-judgment interest; (e) punitive damages; (f) Reasonable attorneys' fees and costs pursuant to Fla. Stat. § 760.11(5); and (g) Such other and further relief as this Court deems just and proper.

**COUNT III**
**CHAPTER 11A OF MIAMI-DADE COUNTY ORDINANCES - SEX DISCRIMINATION**

66. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 53 as though fully set forth herein.

67. Chapter 11A of the Miami-Dade Ordinances prohibits an employer from discriminating against an employee because of a protected category, including an employee's sex (which includes pregnancy).

68. Defendant discriminated against Plaintiff because of her sex, including by harassing and taking tangible employment actions against her because of her pregnancy.

69. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer economic and non-economic damages.

70. Defendant's conduct was willful and intentional, and done with malice and reckless disregard for Plaintiff's rights under Chapter 11A of the Miami-Dade Ordinances.

71. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and award the following relief: (a) Back pay, including lost wages and benefits; (b) Reinstatement or, alternatively, front pay in lieu of reinstatement; (c) Compensatory

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

damages for emotional distress, pain and suffering; (d) Pre- and post-judgment interest; (e) punitive damages; (f) Reasonable attorneys' fees and costs pursuant to Chapter 11A of Miami-Dade Ordinances; and (g) Such other and further relief as this Court deems just and proper.

**COUNT IV**
**TITLE VII - RETALIATION**

72. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 53 as though fully set forth herein.

73. Title VII prohibits an employer from retaliating against an employee because she has opposed unlawful employment practices, including harassment based on gender and pregnancy.

74. Plaintiff engaged in protected activity by opposing and reporting sexual harassment and retaliation, including by filing a Charge of Discrimination with the EEOC.

75. Defendant retaliated against Plaintiff for engaging in this protected activity by creating a retaliatory hostile work environment and terminating Plaintiff.

76. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer economic and non-economic damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and award the following relief: (a) Back pay, including lost wages and benefits; (b) Reinstatement or, alternatively, front pay in lieu of reinstatement; (c) Compensatory damages for emotional distress, pain and suffering; (d) Pre- and post-judgment interest; (e) punitive damages; (f) Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k); and (g) Such other and further relief as this Court deems just and proper.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

## COUNT V
## FLORIDA CIVIL RIGHTS ACT - RETALIATION

77. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 53 as though fully set forth herein.

78. The FCRA prohibits an employer from retaliating against an employee because she has opposed unlawful employment practices, including harassment based on gender and pregnancy.

79. Plaintiff engaged in protected activity by opposing and reporting sexual harassment and retaliation, including by filing a Charge of Discrimination with the EEOC.

80. Defendant retaliated against Plaintiff for engaging in this protected activity by creating a retaliatory hostile work environment and terminating Plaintiff.

81. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer economic and non-economic damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and award the following relief: (a) Back pay, including lost wages and benefits; (b) Reinstatement or, alternatively, front pay in lieu of reinstatement; (c) Compensatory damages for emotional distress, pain and suffering; (d) Pre- and post-judgment interest; (e) punitive damages; (f) Reasonable attorneys' fees and costs pursuant to Fla. Stat. § 760.11(5); and (g) Such other and further relief as this Court deems just and proper.

## COUNT VI
## CHAPTER 11A OF MIAMI-DADE COUNTY ORDINANCES - RETALIATION

82. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 53 as though fully set forth herein.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

83. Chapter 11A of the Miami-Dade Ordinances prohibits an employer from retaliating against an employee because she has opposed unlawful employment practices, including harassment based on gender and pregnancy.

84. Plaintiff engaged in protected activity by opposing and reporting sexual harassment and retaliation, including by filing a Charge of Discrimination with the EEOC.

85. Defendant retaliated against Plaintiff for engaging in this protected activity by creating a retaliatory hostile work environment and terminating Plaintiff.

86. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer economic and non-economic damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and award the following relief: (a) Back pay, including lost wages and benefits; (b) Reinstatement or, alternatively, front pay in lieu of reinstatement; (c) Compensatory damages for emotional distress, pain and suffering; (d) Pre- and post-judgment interest; (e) punitive damages; (f) Reasonable attorneys' fees and costs pursuant to Chapter 11A of the Miami-Dade Ordinances; and (g) Such other and further relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and award the following relief:

A. Back pay, including lost wages and benefits;

B. Reinstatement or, alternatively, front pay in lieu of reinstatement;

C. Compensatory damages for emotional distress, pain and suffering;

D. Pre- and post-judgment interest;

E. Punitive Damages;

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

F. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k), Fla. Stat. § 760.11(5), and Miami-Dade Ordinances § 11A; and

G. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues to which it is entitled.

Dated: February 20, 2026

**RUIZ TRIAL LAW, PLLC**

*/s/ Fabian A. Ruiz*
Fabian A. Ruiz
Florida Bar No. 117928
fabian@ruiztriallaw.com
9100 S Dadeland Blvd., Suite 1500
Miami, Florida 33156
Telephone: (866) 784-9247
Facsimile: (866) 487-2599
*Counsel for Plaintiff*

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE**<br>**(a) GENERAL FORMS** | 2026-003671-CA-01 |

| PLAINTIFF(S) | VS. DEFENDANT(S) | SERVICE |
|---|---|---|
| CHRISTINA NICHOLAS,<br>an individual | PRINCE GROUP HOLDINGS<br>a Foreign Corporation | |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): PRINCE GROUP HOLDINGS
1000 Biscayne Blvd. Unit 3601
Miami, FL 33132

CLOCK IN

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Fabian A. Ruiz (Ruiz Trial Law, PLLC)

whose address is: 9100 S Dadeland Blvd., Ste. 1500
Miami, FL 33156

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| | | |
|---|---|---|
| **JUAN FERNANDEZ-BARQUIN**<br>**CLERK OF THE COURT AND COMPTROLLER**<br>**MIAMI-DADE COUNTY**<br>**CIRCUIT AND COUNTY COURTS** | BY:______________________<br>DEPUTY CLERK | DATE |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE**<br>**(a) GENERAL FORMS** | 2026-003671-CA-01 |

| PLAINTIFF(S) | VS. DEFENDANT(S) | SERVICE |
|---|---|---|
| CHRISTINA NICHOLAS,<br>an individual | PRINCE GROUP HOLDINGS<br>a Foreign Corporation | |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): PRINCE GROUP HOLDINGS

1000 Biscayne Blvd. Unit 3601

Miami, FL 33132

CLOCK IN

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Fabian A. Ruiz (Ruiz Trial Law, PLLC)

whose address is: 9100 S Dadeland Blvd., Ste. 1500

Miami, FL 33156

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| | | |
|---|---|---|
| **JUAN FERNANDEZ-BARQUIN**<br>**CLERK OF THE COURT AND COMPTROLLER**<br>**MIAMI-DADE COUNTY**<br>**CIRCUIT AND COUNTY COURTS** | BY: [signature] 219401<br>DEPUTY CLERK | DATE<br>3/30/2026 |

# AMERICANS WITH DISABILITIES ACT OF 1990
# ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2026-003671-CA-01
SECTION: CA09
JUDGE: Abby Cynamon

**Christina Nicholas**

Plaintiff(s)

vs.

**Prince Group Holdings**

Defendant(s)

______________________________/

**CASE MANAGEMENT ORDER**
**(GENERAL PATHWAY)**

**THIS CAUSE** came before the Court on case management review. Based on the review of the file, and pursuant to Florida Rule of Civil Procedure 1.200, as well as Florida Rule of General Practice and Judicial Administration 2.545, the Court has established Case Management Deadlines, and it is hereby:

**ORDERED** that:

1. The parties must strictly comply with the deadlines established in this order, which will be strictly enforced unless changed by Court order. Parties should expect that the case will be tried during the projected trial period specified, without continuances. The parties cannot agree to extend the deadlines except as specified in Florida Rule of Civil Procedure 1.200(e), and cannot agree to waive any portion of the provisions of this order. Failing to request an extension of service or effectuate service of process by the deadlines set forth in this order may result in dismissal pursuant to Rule 1.070(j).

2. **Procedural Requirements**: In addition to strict adherence to the Florida Rules of Civil Procedure and the Administrative Orders of the Court, the parties must comply with the Case Management Procedures in this order. The parties may not unilaterally extend any of the deadlines contained in the Case Management Procedures. Deadlines may be altered by the Court where the interests of justice so require, upon prompt motion, notice, and hearing.

| **CASE MANAGEMENT DEADLINES** | |
|---|---|
| **The parties must strictly comply with these Case Management Deadlines unless changed by Court order** | |
| **Deadline for Service of Complaint:** | **06-20-2026** |

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

| | |
|---|---|
| **Deadline for Service Under Extensions:** | **08-19-2026** |
| **Deadline for Rule 1.280(a) Initial Discovery Disclosures:** | **08-19-2026** |
| **Deadline for Filing and Resolution of All Objections to Pleadings:** | **08-19-2026** |
| **Deadline for Filing and Resolution of All Pretrial Motions:** | **08-19-2026** |
| **Deadline for Propounding Requests for Production, Requests to Admit and Interrogatories:** | **09-08-2026** |
| **Deadline for Initial Scheduling and Setting Depositions:** | **09-08-2026** |
| **Deadline for Adding Parties:** | **09-23-2026** |
| **Deadline for Witness and Exhibit List:** | **10-08-2026** |
| **Deadline for Inspections/Examinations:** | **10-08-2026** |
| **Deadline for Fact Discovery Completion (Including Depositions):** | **10-28-2026** |
| **Deadline for Expert Disclosure:** | **11-07-2026** |
| **Deadline for Expert Discovery Completion:** | **12-22-2026** |
| **Deadline for Filing and Service of Motions for Summary Judgment:** | **01-16-2027** |
| **Deadline for Dispositive Motions:** | **01-16-2027** |
| **Deadline for Resolution of all Pretrial Motions (Motions in Limine and Daubert) and Jury Instructions:** | **01-16-2027** |
| **Deadline for ADR/Mediation:** | **01-16-2027** |
| **Projected Trial Date:** | **04-16-2027** |

## CASE MANAGEMENT PROCEDURES
### Motion Practice

1. **Duty to Communicate**: In accordance with Florida Rule of Civil Procedure 1.202(a), before filing a non-dispositive motion, except for those motions exempted by Rule 1.202(c), the movant must confer with the opposing party in a good-faith effort to resolve the issues raised in the motion. If the parties are represented by counsel, such conferral must be between counsel, not through staff. "Good faith" includes being professional and temperate in communications, returning phone calls and emails in a timely manner, and not setting unreasonable deadlines for responses. The movant must file a certificate of conferral substantially in the form provided by Florida Rule of Civil Procedure 1.202(b), either certifying that conferral occurred or certifying that conferral is not required under Rule 1.202. Failure to comply with the requirements of Rule 1.202 may result in an appropriate sanction, including denial of a motion without prejudice. The purposeful evasion of

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

communication under Rule 1.202 may result in an appropriate sanction.

2. **Scheduling of Hearings**: Motions filed (other than dispositive motions or those requiring testimony) must be noticed for hearing on the first available motion calendar. Motions not promptly set for hearing, and motions that do not require a hearing pursuant to the rules, may be ruled upon by the Court on the papers.

3. **Compelling Discovery where there has been no response**: The parties are to comply with Administrative Order 06-09 when moving to compel production of propounded discovery. These motions must be submitted via courtMAP with supporting documents and may not be placed on motion calendar.

4. **Motions for Protective Order**: Motions for protective order must be filed as soon as the grounds are known. Counsel should be coordinating deposition dates for specific parties/witnesses and have a duty to confer regarding any issues that would be the subject of a motion for protective order prior to scheduling the deposition. The filing of the motion must not be delayed until immediately prior to the scheduled deposition. A motion for protective order does not automatically stay the deposition and the deposition will proceed unless an order granting the motion is entered by the Court.

5. **Motions for Extension**: Any motion to extend a deadline, amend a case management order, or alter a projected trial period must specify:

   A. the basis of the need for the extension, including when the basis became known to the movant;

   B. whether the motion is opposed;

   C. the specific date to which the movant is requesting the deadline or projected trial period be extended, and whether that date is agreed by all parties; and

   D. the action and specific dates for the action that will enable the movant to meet the proposed new deadline or projected trial period, including, but not limited to, confirming the specific date any required participants such as third-party witnesses or experts are available.

   <u>If extending an individual case management deadline may affect a subsequent deadline in the case management order, parties must seek an amendment of the case management order, rather than submitting a motion for extension of an individual deadline</u>.

   The Court may rule upon submission of a motion for extension of time without a hearing. Any motion for extension of time must be preceded by a meet and confer with opposing counsel and absent agreement, be set for hearing immediately upon filing. Counsel should be prepared to respond promptly in the event the motion is denied.

6. **Dispositive Motions**: Motions which may dispose of specific issues, portions of the case or the entire case should be filed and set within the time set forth in the case management order. Parties wishing to pursue a dispositive motion should target the essential discovery promptly.

7. **Amendment of Pleadings**: Motions to amend should be filed so as not to affect the date of trial. Although the Court recognizes the rule of liberality with regard to amendment of

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

pleadings, liberality declines with an approaching trial date unless the amendment involves newly discovered information not previously available. Review your pleadings for necessary amendment(s) early, not as part of last-minute trial preparation.

**Discovery**

8. **Initial Discovery Disclosure**: Except as exempted by Florida Rule of Civil Procedure 1.280(a)(2) or as otherwise ordered by the Court, a party must, without awaiting a discovery request, within 60 days after the service of the complaint provide to the other parties the following initial discovery disclosures unless privileged or protected from disclosure:

   A. the name and, if known, the address, telephone number, and e-mail address of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

   B. a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control (or, if not in the disclosing party's possession, custody, or control, a description by category and location of such information) and may use to support its claims or defenses, unless the use would be solely for impeachment;

   C. a computation for each category of damages claimed by the disclosing party and a copy of the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; provided that a party is not required to provide computations as to noneconomic damages, but the party must identify categories of damages claimed and provide supporting documents; and

   D. a copy of any insurance policy or agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

If a party fails to make a disclosure required by rule 1.280(a), any other party may move to compel disclosure and for appropriate sanctions.

9. **Written Discovery must be propounded promptly**:

   a. **Scope of Discovery**: Parties may obtain discovery in accordance with Florida Rule of Civil Procedure 1.280(c)(1).

   b. **Objections**: If objections to written discovery involve the phrasing of the request or time frame of any discovery request, these objections may not be extended (even if the parties agree) and are due at the time the initial response is due. Failure to timely make these objections constitutes a waiver. Parties must comply with the "Duty to Communicate" above, prior to setting timely made objections for hearing.

   c. **Documents made available for inspection and copying**: If discovery responses provide that the documents are available for inspection and copying at a mutually convenient time and place, the responding party must immediately (within 48 hours)

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

provide three alternative dates and times that the documents are available for inspection and copying. All of the dates must be within ten (10) days. Failure to provide the dates and times constitutes a failure to respond to discovery. Review must occur within fifteen (15) days of the response, absent extraordinary circumstances. Examples of "extraordinary circumstances" include a sole practitioner in trial on another case, a medical emergency, prepaid vacation, and a death in the family.

d. **Privilege Logs**: Privilege logs are due at the time of the response and may not be reserved to be provided later. Privilege logs must specifically identify the document in accordance with Florida Rule of Civil Procedure 1.280(c)(6).

Failure to timely provide the privilege log may result in the waiver of the privilege. This procedure requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product except the following: written and oral communications between a party and their counsel after commencement of the action and work product material created after commencement of the action.

Parties are instructed that where they believe that the divulgence of the logging information would necessarily cause disclosure of the allegedly privileged information, they must identify that the item exists and that *in camera* review by the Court will be sought. The item may be described generically. However, if the Court determines that there is nothing inherent in the divulgence of the existence of the document or the logging information required that would violate privilege, the Court will impose sanctions for any *in camera* request determined to be frivolous. *In camera* requests by the party claiming the privilege must be signed by both the requesting attorney and the client, so as to assure that all are aware of the request and the consequences.

e. **Expert Disclosure**: Parties should furnish opposing counsel with the names and addresses of all expert witness under Florida Rule of Civil Procedure 1.390(a) to be called at trial and all information regarding expert testimony that is required by Florida Rule of Civil Procedure 1.280(c)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed.

10. **Depositions**: The parties are ordered to block time now for necessary depositions to be set in this case. Expert deposition time should be coordinated and blocked as soon as experts are known to ensure compliance with this schedule. Depositions may commence at any time. Refer to Paragraph 4 above regarding motions for protective order.

11. **Duty to Supplement and Correct**: A party who has made a disclosure or who has responded to an interrogatory, a request for production, or a request for admission must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

**Witness and Exhibits Lists**

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

12. **Witness and Exhibit Lists**: The parties must timely exchange their witness and exhibit lists. The lists must include complete proper names and addresses. If counsel chooses to list their bar address as the witness' address, counsel is deemed to have agreed to produce the witness voluntarily as they have withheld the information necessary for a witness subpoena, and counsel will be responsible for assuring that witness' presence at trial.

**Mediation**

13. **Mediation**: Parties must mediate by the Court's deadline. The parties are responsible for assuring that they have all the necessary information to value their position prior to mediation. If the parties fail to mediate before the mediation deadline, sanctions shall be imposed by the Court. Failure to timely mediate does not constitute just cause for a trial continuance.

**Setting Trial**

14. **Trial Order**: At least 45 days before the projected trial period set forth in the case management order the Court will issue a trial order fixing the trial period. Should the Court fail to issue a trial order at least 45 days prior to the projected trial period, Plaintiff must notify the Court to schedule a case management conference.

15. **Motions to Continue Trial**: Motions to continue trial are disfavored and will rarely be granted, and then only upon good cause shown. Successive continuances are highly disfavored. Lack of due diligence in preparing for trial is not grounds to continue the case. Motions for continuance based on parental leave are governed by Florida Rule of General Practice and Judicial Administration 2.570. A motion to continue trial must be in writing unless made at a trial and, except for good cause shown, must be signed by the named party requesting the continuance.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 21st day of April, 2026.

2026-003671-CA-01 04-21-2026 10:00 PM

2026-003671-CA-01 04-21-2026 10:00 PM
Hon. Abby Cynamon

**CIRCUIT COURT JUDGE**
Electronically Signed

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355, Email: ADA@jud11.flcourts.org at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.**

**Electronically Served:**

- Fabian A. Ruiz: fabian@ruiztriallaw.com

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CHRISTINA NICHOLAS,
an individual

Plaintiff,

vs.

PRINCE GROUP HOLDINGS,
a Foreign Corporation,

Defendant.
_________________________________/

CASE NO.: 2026-003671-CA-01

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND REQUEST TO SERVE PROCESS ON DEFENDANT VIA E-MAIL PURSUANT TO FLA STAT. § 48.197(1)(c)**

Pursuant to Fla. Stat. § 48.197(1)(c), Plaintiff, Christina Nicholas ("Plaintiff"), by and through her undersigned counsel, respectfully moves this Court for an extension of time to serve Defendant, Prince Group Holdings ("Defendant"), and for an Order authorizing service of process by electronic mail on Defendant, and states as follows in support thereof:

**SUMMARY OF THE ARGUMENT**

Defendant is an Australian corporation. As confirmed by the Australian Business Register, Defendant's registered entity is Prince Group Holdings Pty Ltd, an Australian private company with its main business location in New South Wales. (See Ex. A). Australia is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Service Convention"). Under Fla. Stat. § 48.197(1)(c), and consistent with the Third District Court of Appeal's January 2026 decision in Wepard Corp., Ltd. v. Diaz, Reus & Targ, LLP regarding email service on foreign defendants, a court may authorize service on a foreign defendant by electronic mail where such service is: (1) "court ordered"; (2) "reasonably calculated to give actual notice of the proceedings"; and (3) "not prohibited by

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

international agreement." Wepard Corp., 428 So. 3d 198, 203 (Fla. 3d DCA 2026), review denied, No. SC2026-0300, 2026 WL 1147193 (Fla. Apr. 28, 2026).

Furthermore, as the Third DCA expressly held in Wepard Corp., there is "no hierarchy of service" under § 48.197 and the statute does not require a plaintiff to first exhaust Hague Convention channels or demonstrate due diligence before seeking court-ordered email service. Instead, email service is one of the equally permissible means available to a plaintiff seeking to serve a foreign defendant.

Email is not only an available method of service, it is a particularly appropriate method in this case. Plaintiff has already attempted personal service on Defendant in Miami on multiple occasions and by multiple process servers, all without success. When Plaintiff's process server contacted Defendant's representatives by email to arrange service, Defendant directed the server to its designated counsel for service, and then that counsel ignored three separate emails from the process server seeking to arrange service. (See Ex. B, Return of Non-Service). Defendant's own representatives and counsel thus corresponded by email in direct connection with the service of this very lawsuit, using email addresses that are known and active. Service by email to those addresses is therefore "reasonably calculated to give actual notice of the proceedings" to Defendant.

As such, and as supported in greater detail below, Plaintiff respectfully requests that the Court authorize her to serve process on Defendant via email.

## FACTUAL BACKGROUND

1. Plaintiff is an adult resident of Miami-Dade County, Florida, and a former employee of Defendant. Plaintiff filed this action asserting claims for pregnancy discrimination and retaliation under Title VII, the Florida Civil Rights Act, and Chapter 11A of the Code of Miami-Dade County.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

2. Defendant is a foreign for-profit corporation engaged in business in the State of Florida. Defendant's registered entity, Prince Group Holdings Pty Ltd, is an Australian private company (ABN 32 638 764 333) with its main business location in New South Wales, Australia. (See Ex. A, Australian Business Register record).

3. Australia is a signatory to the Hague Service Convention.[1] Australia has not objected to service by postal channels under Article 10(a) of the Hague Service Convention; to the contrary, Australia has affirmatively declared that it does not object to service by postal channels where such service is permitted in the jurisdiction in which the process is to be served.

4. Plaintiff diligently attempted to effect personal service on Defendant at 1000 Biscayne Blvd., Unit 3601, Miami, FL 33132. (See Ex. B, Return of Non-Service).

5. Plaintiff's process servers made repeated in-person attempts to serve Defendant at that address on April 30, May 1, and May 4, 2026. On each occasion, the server obtained access to the unit door but received no answer. (Id.).

6. Unable to effect personal service, on May 5, 2026, Plaintiff's process server emailed Defendant's representatives at k.lewis@princegroupholdings.com and c.clark@princegroupholdings.com to arrange service. In response, Defendant's representatives directed the server to contact Christophe L. DiFalco, Esq., at CLD@DFLLLP.com, for service. (See Ex. C, Email from Katie Lewis to Abdulaziz Alyaquout re: Service).

7. Plaintiff's process server thereafter emailed Mr. DiFalco at CLD@DFLLLP.com on May 12, May 14, and May 20, 2026, in an effort to arrange service as Defendant had directed. Mr. DiFalco did not respond to any of these communications. (Id.).

[1] See, HCCH.net, Australia - Central Authority & practical information, https://www.hcch.net/en/states/authorities/details3/?aid=878 (last viewed August 5, 2026).

NOT AN OFFICIAL COPY - PUBLIC ACCESS NOT AN OFFICIAL COPY - PUBLIC ACCESS

8. The email addresses through which Defendant's representatives and its designated counsel corresponded regarding service of this action are known, active, and were used in direct connection with the service of this very lawsuit.

9. Upon information and belief, those same email addresses remain active and in use by Defendant's representatives and its authorized counsel. Given that Defendant's representatives used these addresses to direct Plaintiff's process server to Defendant's counsel for service, there is no reason to believe Defendant's email communications have been discontinued.

**ARGUMENT**

**I. SECTION 48.197(1)(c) EXPRESSLY AUTHORIZES COURT-ORDERED EMAIL SERVICE ON FOREIGN DEFENDANTS.**

Pursuant to Fla. Stat. § 48.197, service of process on parties located in foreign countries may be achieved by three independent and co-equal means, including:

> (c) Pursuant to motion and order by the court, by other means, including electronically by e-mail or other technology, which the party seeking service shows is reasonably calculated to give actual notice of the proceedings and is not prohibited by international agreement, as the court orders.

§ 48.197(1)(c). Thus, the statute expressly identifies three limited prerequisites prior to the effectuation of email service on a foreign defendant: (1) the service is ordered by the court pursuant to a motion; (2) the means is reasonably calculated to give actual notice of the proceedings; and (3) the means is not prohibited by international agreement.

On January 21, 2026, the Third DCA in Wepard Corp. confirmed that, so long as the three requirements in § 48.197(1)(c) are met, service via email on a foreign defendant is allowed. In that case, the defendants argued that § 48.197(1)(c) could only be invoked after the plaintiff first "exercised due diligence exhausting all available avenues of service under the Hague Convention[.]" Wepard Corp., 428 So. 3d at 201. The Third DCA squarely rejected that argument, holding:

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

> Based on the plain language of section 48.197(1)(c), the foreign service statute does not require a showing of due diligence prior to the granting of email service. There is no hierarchy of service. Service via email is one way among several in which a Florida plaintiff can serve an international defendant.

Id. In interpreting § 48.197(1)(c), the Third DCA held that the "only limitations" on email service under section 48.197(1)(c) are that "the email service is court ordered, it is reasonably calculated to give actual notice of the proceedings, and it is not prohibited by international agreement." Id.

## II. PLAINTIFF HAS SATISFIED EACH OF THE THREE STATUTORY REQUIREMENTS FOR EMAIL SERVICE.

### A. With an order from this Court, Plaintiff will have satisfied the court-ordered requirement.

By filing this Motion and obtaining the entry of an order granting it service of process via email, Plaintiff will have satisfied the first requirement of email service (i.e., that email service be authorized "[p]ursuant to motion and order by the court"). As such, Plaintiff respectfully requests that this Court enter such an order.

### B. Email service is reasonably calculated to give actual notice.

The second requirement (i.e., that the method be "reasonably calculated to give actual notice") is plainly satisfied here. As set forth above, after repeated failed attempts at personal service, Plaintiff's process server communicated with Defendant's representatives by email, and Defendant's own representatives responded, directing the server to Defendant's designated counsel for service. The email addresses Plaintiff proposes to use are the very same addresses through which Defendant's representatives and counsel corresponded regarding service of this action. There is no dispute that Defendant's representatives have actively used these addresses, including in direct connection with this very dispute.

As the Third DCA recognized, whether email is reasonably calculated to give actual notice is the crux of the inquiry. In Wepard Corp., the court upheld service by email because the parties

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

had previously communicated using the email addresses used. Wepard Corp., 428 So. 3d at 203. Here, the use of email addresses that Defendant's representatives affirmatively used to correspond with Plaintiff's process server about service of this lawsuit (and to which Defendant directed Plaintiff for service) provides an equally compelling, if not stronger, basis for finding that service via those addresses is reasonably calculated to give actual notice.

Plaintiff proposes to serve the Summons and Complaint on Defendant by email to Defendant's representatives and its designated counsel for service at the following email addresses: k.lewis@princegroupholdings.com; c.clark@princegroupholdings.com; and CLD@DFLLLP.com.

**C. Email service is not prohibited by international agreement.**

The third requirement (i.e., that email service not be prohibited by international agreement) is also satisfied. As stated above, Australia is a signatory to the Hague Service Convention. However, Australia has not objected to service by postal or alternative channels under Article 10 of that Convention; indeed, Australia has expressly declared that it does not object to service by postal channels where such service is permitted in the forum jurisdiction. Even if Australia had objected to such postal or alternative channels under Article 10, that would not necessarily prohibit email service, as the Third DCA recognized with respect to Malta in Wepard Corp., where the court affirmed email service notwithstanding Malta's formal objection to alternative service methods under Article 10.

Ultimately, the Hague Service Convention does not prohibit email service; it merely establishes the Central Authority mechanism as one of the available means of service. As such, Australia's membership in the Hague Service Convention does not bar email service in this case, and the third statutory requirement is therefore satisfied.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**CONCLUSION**

WHEREFORE, Plaintiff Christina Nicholas respectfully requests that this Court enter an Order:

a. Authorizing Plaintiff to serve the Summons and Complaint on Defendant by email to Defendant's representatives and designated counsel at the following email addresses: k.lewis@princegroupholdings.com; c.clark@princegroupholdings.com; and CLD@DFLLP.com;

b. Ordering that the Complaint be deemed served on the date on which the transmission of the email is sent;

c. Holding that such email service shall have the same force and effect as personal service, and that Defendant shall have twenty (20) days from the date of such email to file its response to Plaintiff's Complaint; and

d. Granting Plaintiff the costs incurred in attempting personal service;

e. Granting such other and further relief as this Court deems just and proper.

Dated: August 6, 2026

**RUIZ TRIAL LAW, PLLC**

*/s/ Fabian A. Ruiz*
Fabian A. Ruiz
Fla. Bar No. 117928
fabian@ruiztriallaw.com
9100 S Dadeland Blvd., Suite 1500
Miami, FL 33156
Tel: (866) 784-9247
Fax: (866) 487-2599
*Counsel for Plaintiff*

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

# EXHIBIT A

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

Australian Government
Australian Business Register

**ABN Lookup**

# Current details for ABN 32 638 764 333

## ABN details

| | |
|---|---|
| **Entity name:** | PRINCE GROUP HOLDINGS PTY LTD |
| **ABN status:** | Active from 29 Jan 2020 |
| **Entity type:** | Australian Private Company |
| **Goods & Services Tax (GST):** | Registered from 01 Jan 2022 |
| **Main business location:** | NSW 2000 |

## Business name(s)

A business name is the registered name a business operates under. Businesses need to register their business name on the national Business Names Register if the business operates with a different name to their own. To learn more visit the ASIC website.

| Business name | From |
|---|---|
| SODOTO | 14 Apr 2023 |

## ASIC registration - ACN or ARBN or ARSN or ARFN

638 764 333 View record on the ASIC website

## Deductible gift recipient status

Not entitled to receive tax deductible gifts

**Disclaimer**
The Registrar makes every reasonable effort to maintain current and accurate information on this site. The Commissioner of Taxation advises that if you use ABN Lookup for information about another entity for taxation purposes and that information turns out to be incorrect, in certain circumstances you will be protected from liability. For more information see disclaimer

**Warning Statement**
If you use ABN Lookup for information about a person or entity that provides financial or investment products or advice, make sure they have an Australian Financial Services (AFS) licence. You can check licenced professional registers here

# EXHIBIT B

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

# RETURN OF NON-SERVICE

**State of Florida** **County of MIAMI DADE** **Circuit Court**

Case Number: 2026-003671-CA-01

Plaintiff: **CHRISTINA NICHOLAS, an individual**
vs.
Defendant: **PRINCE GROUP HOLDINGS,**
**a Foreign Corporation,**

For:
Ruiz Trial Law
9100 S Dadeland Blvd Ste 1500
Miami, FL 33156

Received by Sophia Hervis #10028 on the 28th day of April, 2026 at 1:31 pm to be served on **PRINCE GROUP HOLDINGS, 1000 BISCAYNE BLVD, UNIT 3601, MIAMI, FL 33132**.

I, Sophia Hervis #10028, do hereby affirm that on the **29th day of May, 2026** at **12:00 pm, I:**

**NON-SERVED** the **SUMMONS 20 DAY CORPORATE SERVICE, COMPLAINT AND JURY DEMAND** for the reason that I failed to find **PRINCE GROUP HOLDINGS** or any information to allow further search. Read the comments below for further details.

**Additional Information pertaining to this Service:**
4/30, 11:30 AM Waited 20 minutes for a security to escort me to the unit. No response at the door. Heard no movement from within. Server Abdulaziz Alyaqout #10153
5/1 at 8:08pm I was able to get access to the actual unit door, knocked, and got no answer.Server Abdulaziz Alyaqout #10153
5/4 at 7:20am security had me wait around 15 minutes because they said the elevator was being used. They eventually let me up, and I knocked the actual unit door at about 7:41 AM. No answer. Server Abdulaziz Alyaqout #10153
5/5 at 10:55am emailed k.lewis@princegroupholdings.com c.clark@princegroupholdings.com to arrange service. Was told to contact Christophe L. DiFalco for service CLD@DFLLLP.com Server Abdulaziz Alyaqout #10153
5/12 at 11:04am Emailed CLD@DFLLLP.com to arrange service got no response. Server Sophia Hervis #10028
5/14 at 11:38am Emailed CLD@DFLLLP.com to arrange service got no response. Server Sophia Hervis #10028
5/20 at 5:22pm Emailed CLD@DFLLLP.com to arrange service got no response. Server Sophia Hervis #10028

Under penalties of perjury, I swear or affirm, pursuant to Fla. Stat. § 92.525 that I have read the foregoing and the facts stated there are true. I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the county in which service was made

**Sophia Hervis #10028**
Process Server

**Magic City Process Service, LLC**
**1825 PONCE DE LEON BLVD #283**
**CORAL GABLES, FL 33134**
**(786) 881-8228**

Our Job Serial Number: MGS-2026004106

Copyright © 1992-2026 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0e

# EXHIBIT C

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

Gmail

**Magic City Process Service, LLC <mcps305@gmail.com>**

---

**Fwd: Request to coordinate service of legal documents – Prince Group Holdings**

3 messages

---

**a.r.alyaqout@gmail.com** <a.r.alyaqout@gmail.com> Thu, May 14, 2026 at 3:02 PM
To: "Magic City Process Service, LLC" <mcps305@gmail.com>

Sent from my iPhone

Begin forwarded message:

**From:** Katie Lewis <k.lewis@princegroupholdings.com>
**Date:** May 5, 2026 at 1:07:30 AM EDT
**To:** Abdulaziz AlYaqout <a.r.alyaqout@gmail.com>
**Cc:** Ceri Clark <c.clark@princegroupholdings.com>
**Subject: RE: Request to coordinate service of legal documents – Prince Group Holdings**

Dear Abdulaziz

Please use the following details for service of the documents on behalf of Prince Group Holdings:

**Christophe L. DiFalco**

Managing Partner

DF | DIFALCO FERNANDEZ

*NY: +1 (212) 734-3330*

*FL: +1 (305) 569-9800*

*www.DFLLLP.com* | *CLD@DFLLLP.com*

Kind regards

Katie

**Katie Lewis | General Counsel, Prince Group**

Suite 1, Level 11, Gateway Tower

1 Macquarie Place, Sydney NSW, 2000

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**M** +61 401 242 145 **E** k.lewis@princegroupholdings.com

---

**From:** Abdulaziz AlYaqout <a.r.alyaqout@gmail.com>
**Sent:** Sunday, 3 May 2026 11:42 AM
**To:** Katie Lewis <k.lewis@princegroupholdings.com>; Georgina Hancock <g.hancock@princegroupholdings.com>
**Subject:** Request to coordinate service of legal documents – Prince Group Holdings

You don't often get email from a.r.alyaqout@gmail.com. Learn why this is important

**Caution:** This email originated from outside our network. Please be mindful of clicking links or opening attachments unless you can confirm the sender and its contents are safe.

Hello,

My name is Abdulaziz AlYaqout, Miami-Dade Certified Process Server No. 10153.

I am attempting to coordinate service/delivery of legal documents directed to Prince Group Holdings in a Florida civil matter. I have made attempts at Dr. Sam Prince's address at Unit 3601, 1000 Biscayne Blvd, Miami, FL, including attempts at the actual unit door, but have not been able to reach him directly.

For verification, there appeared to be a surveillance camera near the left side of the unit door, which may confirm that an attempt was made if needed.

I am not asking you to accept service unless you are authorized to do so, and this email is not intended as service by email. If you are not the correct recipient, please reply with the name, title, email, phone number, and/or mailing address of the person, registered agent, legal department, or business representative authorized to coordinate or accept service on behalf of Prince Group Holdings.

You may also forward this request to the appropriate person.

Please contact me at 718-902-5895 or a.r.alyaqout@gmail.com to coordinate.

Thank you,
Abdulaziz AlYaqout
Miami-Dade Certified Process Server No. 10153

---

CAUTION: The information contained in this email and in any attachments is confidential and is designated solely for the attention and use of the intended recipient(s). The confidential nature of the information contained in the email and/or files is not waived, lost or destroyed if it is sent in error to other than the intended addressee. This information may be subject to legal professional privilege, and copyright. If you are not the intended addressee of this email/files please immediately contact the sender and delete this email/files. Any unauthorized use, dissemination, distribution or reproduction of this email/files is prohibited. Any opinions expressed within this mail are those of the individual and not necessarily those of Zambrero Pty Limited or its' affiliates.

---

**Magic City Process Service, LLC** <mcps305@gmail.com> Thu, May 14, 2026 at 3:03 PM
To: a.r.alyaqout@gmail.com

thank you!


Kind Regards,
Sophia Hervis
**Operations Manager**
**Magic City Process Service, LLC.**
**Nationwide Services**

786-881-8228
www.mcpsnationwide.com
INFO@MCPSNATIONWIDE.COM
1825 Ponce De Leon Blvd #283 Coral Gables, FL 33134
***PLEASE SEND ALL ZELLE TO 786-881-8228 *****


[Quoted text hidden]

---

**Magic City Process Service, LLC** <mcps305@gmail.com> Wed, May 20, 2026 at 5:23 PM
To: a.r.alyaqout@gmail.com

Hi Aziz

Can you try emailing hem they have nto answered me pls thank you


Kind Regards,
Sophia Hervis
**Operations Manager**
**Magic City Process Service, LLC.**
**Nationwide Services**

786-881-8228
www.mcpsnationwide.com
INFO@MCPSNATIONWIDE.COM
1825 Ponce De Leon Blvd #283 Coral Gables, FL 33134
***PLEASE SEND ALL ZELLE TO 786-881-8228 *****


NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

[Quoted text hidden]

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2026-003671-CA-01
SECTION: CA09
JUDGE: Abby Cynamon

**Christina Nicholas**

Plaintiff(s)

vs.

**Prince Group Holdings**

Defendant(s)

______________________________/

## AGREED ORDER

THIS CAUSE came before this Court on August 20, 2026 upon Plaintiff, Christina Nicholas' Motion for Extension of Time and Request to Serve Process on Defendant Via E-Email Pursuant to Fla. Stat. § 48.197(1)(c) ("Motion") and the Court having read the motion, heard argument of counsel, and being otherwise advised in the premises, it is hereby:

ORDERED AND ADJUDGED:

1. Plaintiff shall serve the Complaint, and any subsequent pleadings or papers, on Defendant's counsel, Arielle Eisenberg via email at aeisenberg@cozen.com.
2. Defendant shall have thirty (30) days from the date of such email to file its response to Plaintiff's Complaint.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 20th day of August, 2026.

2026-003671-CA-01 08-20-2026 7:39 PM

2026-003671-CA-01 08-20-2026 7:39 PM
Hon. Abby Cynamon

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**

- Arielle Eisenberg: AEisenberg@cozen.com
- Fabian A. Ruiz: fabian@ruiztriallaw.com
- Fabian A. Ruiz: assistant@ruiztriallaw.com